

**SIGNED this 26 day of June, 2008.**

_____
**John C. Cook**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Erik Brucker** | ) | **No. 07-12093** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | |
| **John Pike and Bonnie Pike** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **Adv. No. 07-1083** |
| | ) | |
| **Erik Brucker** | ) | |
| | ) | |
| **Defendant** | ) | |

### M E M O R A N D U M

This adversary proceeding is before the court on a  motion for summary judgment filed

by the plaintiffs. Relying on the doctrines of *res judicata* and collateral estoppel, the plaintiffs

assert that a judgment entered by the Circuit Court of Polk County, Tennessee, on April 12, 2007, establishes that the plaintiffs are entitled to a judgment in this proceeding declaring that the defendant's indebtedness to them is nondischargeable. The defendant opposes the motion, arguing that the state court judgment was not final at the time the defendant filed his bankruptcy petition and thus the doctrines of *res judicata* and collateral estoppel are inapplicable.

The record reflects that, on May 15, 2007, after the state court entered its judgment against him, the defendant filed a timely motion to reconsider the state court judgment. Tenn. R. Civ. P. 59.02, 6.01. On May 31, 2007, and before any ruling by the state court on the pending motion to reconsider, the defendant filed a chapter 7 bankruptcy petition in this court. The issue to be determined is whether the state court judgment is final for purposes of applying the doctrines of *res judicata* and collateral estoppel.

The Tennessee courts treat motions for reconsideration as motions to alter or amend governed by Rule 59.04 of the Tennessee Rules of Civil Procedure. *E.g., Brewer v. Pigged*, No. W2006-01788-OA-R3-CV, 2007 WL 1946632, at *5 (Tenn. Ct. App. July 3, 2007); *Higgins v. White*, No. M2004-00412-COA-R3-CV, 2006 WL 1763648, at *3 n.2 (Tenn. Ct. App. June 27, 2006) (citing *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 n.3 (Tenn. Ct. App. 1997)). When a timely motion to alter or amend is filed, the 30-day deadline for filing a notice of appeal does not run until the entry of the order denying the motion. Tenn. R. App. P. 4(b). A notice of appeal filed before that time is premature. Tenn. R. App. P. 4(d). Accordingly, the defendant's filing of a motion for reconsideration extended the time for filing a

notice of appeal until 30 days after the denial of the motion, and the motion had not been denied

(or granted) at the time the bankruptcy case was commenced.

"Tennessee cases clearly indicate that, in order to warrant the application of res judicata

(of which collateral estoppel is one type), a prior adjudication must be final." *C.O. Christian &*

*Sons Co. v. Nashville P.S. Hotel, Ltd.*, 765 S.W.2d 754, 756 (Tenn. Ct. App. 1988), *permission*

*to appeal denied* (Tenn. 1989); *accord*, *e.g.*, *In re Order to Encapsulate Native Am. Indian*

*Grave Sites in Concrete and Pave over with Asphalt*, 250 S.W.3d 873, 882 (Tenn. Ct. App.

2008) (quoting *Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Group*, 210 S.W.3d 557,

564-65 (Tenn. Ct. App. 2006) (citing *Lee v. Hall*,790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)));

*Patton v. Estate of Upchurch*, 242 S.W.3d 781 (Tenn. Ct. App. 2007) (quoting *Beaty v. McGraw*,

15 S.W.3d 819, 824 (Tenn. Ct. App. 1998)), *permission to appeal denied* (Tenn. 2008). "Al-

though the principles governing the meaning of 'final judgment' for purposes of appeal may

differ from those relevant for purposes of collateral estoppel, the Rules of Appellate Procedure

should provide some guidance." *Id.* Thus, in one case in which the trial court accorded *res judi-*

*cata* effect to an order entered in separate litigation just one day earlier, the Tennessee Court of

Appeals reversed because the order was not a final appealable one:

> In Tennessee, it is generally considered that the judgment of a court of
> record is not final until the expiration of at least 30 days from its entry. A judg-
> ment of a court of record is "within the bosom of the court" for 30 days after
> entry, during which time it may be set aside or amended on motion of a party or
> upon the court's own motion.

*McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn. Ct. App. 1991) (citing Tenn. R. Civ. P. 59.02;

*Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn.1976)).

In this case, the state court has not denied the defendant's motion for reconsideration of the state court judgment. Accordingly, the judgment is not a final one, entitled to preclusive effect under principles of *res judicata* or collateral estoppel. For these reasons, the court will enter a separate order denying the plaintiffs' motion for summary judgment.

###